FILED
2006 Feb-14  AM 08:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ] ] ] | |
| Plaintiff(s), | ] ] | CV-04-CO-00686-S |
| vs. | ] ] | |
| TIMOTHY R. HEYMAN, HEYMAN INTERNATIONAL, INC., PAUL D. CARTER AND AMERICAN FINANCIAL BUSINESS, LLC., | ] ] ] ] ] | |
| Defendant(s). | ] | |

OPINION AND ORDER

This action is before the Court for consideration of Plaintiff's motion to strike certain affirmative defenses included in the answer filed by the Carter defendants on May 31, 2005 (Doc. 49).  The motion has been briefed and is ready for consideration.

A motion to strike is used to contest the legal sufficiency of affirmative defenses.  *Amoco Oil Co. v. Gomez*, 379 F.3d 1266, 1272 n. 14 (11th Cir. 2004).  Rule 12(f) of the Federal Rules of Civil Procedure authorizes a

court, upon motion or sua sponte, to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are disfavored and, ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. *Heller Financial Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286,1294 (7th Cir. 1989). An affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense. *E.E.O.C. v. First National Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980), citing 2A Moore's Federal Practice P 8.27(3), at 8251 (2d Ed. 1979).[1] What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question. *Id.*, citing Federal Practice and Procedure, Wright and Miller, Vol. 5, Section 1381, p. 791. Rule 12(f), Fed. R. Civ. P. A motion to strike an affirmative defense is properly denied if further development of the claims and theories of the parties is necessary to determine if the defense is good as to any claim.

---

[1] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Stephen v. America Brands*, Inc. 825 F.2d 312, 313 (11th Cir. 1987). Affirmative defenses are pleadings and, being subject to all pleading requirements of the Federal Rules of Civil Procedure, must set forth a short and plain statement of the defense. *Heller Financial*, 883 F.2d at 1294, citing Fed. R. Civ. P. 8(a).

The plaintiff argues the Court should strike from the Carter defendants' May 31, 2005, Answer (Doc. 47) the assertions made in Paragraphs IV, V, VI, VII, XVII, and XXII and the affirmative defenses in Paragraph XX because they are (1) not affirmative defenses enumerated under Rule 8(c) of the Federal Rules of Civil Procedure; (2) improperly pled because they lack sufficient supporting facts; (3) not affirmative defenses as a matter of law; and (4) will only serve to unduly burden and unnecessarily delay this litigation.

To the extent the SEC argues that defenses should be stricken because they are insufficiently pled, the Court agrees with the defendants' assertion that the claims can be adequately fleshed out in the discovery process. To the extent the SEC argues that the defenses should be stricken because they are not affirmative defenses, the Court has determined that the defenses

are readily identifiable within the context of this action as either affirmative defenses or factual defenses to the *prima facie* case and if the SEC requires further elucidation, it may ask the defendants during discovery. Furthermore, the Court observes that it entered its usual Scheduling Order on July 22, 2005, which requires the parties to submit a Joint Status Report at the conclusion of discovery, at which time the parties will eliminate any claims or defenses which, in good faith, are not supported by the discovered facts. (Doc. 53, ¶ 7.)

Paragraphs IV-VI - Plaintiff argues that the defenses of lack of personal jurisdiction or subject matter jurisdiction, improper venue, and forum non conveniens included in these paragraphs should be stricken because those issues were conclusively resolved by this Court. Recognizing the Court's rulings have made the issues moot for now, Defendant responds that it has included these defenses in its Answer so that it may preserve the issues for appeal. These defenses will not be stricken.

Paragraphs XVII, XX and XXII - Plaintiff argues the "reliance on legal counsel" defense is insufficient as a matter of law because the defendants are alleged to have violated Section 5 of the Securities Act of 1933 by failing

to register the offer and sale of their Depository Loan Agreements, which is a non-scienter based violation for which advice of counsel is not a defense. *Raiford v. Buslease, Inc.*, 825 F.2d 351, 353-54 (11th Cir. 1987); *SEC v. Friendly Power Co.*, 49 F. Supp. 2d 1363, 1368 (S. D. Fla. 1999).  The plaintiff also argues the defense of "absence of scienter and/or other indispensable elements of the plaintiff's claims against them" and "lack of securities" should be stricken from Paragraph XX, and the "good faith" and "lack of scienter" defenses in Paragraph XXII should be stricken.  The Defendants respond that they have alleged they were advised by prior legal counsel that the Depository Loan Agreements they sold were not "securities" because they are accused of running a fraudulent Ponzi scheme, in violation of Section 17 of the 1933 Act, Section 10(b) of the 1934 Act, and Rule 10b-5.   These defenses will not be stricken.

Plaintiff argues that the statute of limitations defense in paragraph XX is not applicable to this action for equitable relief in the form of a permanent injunction and the disgorgement of ill-gotten gains, and that there is no factual support for the defense because the alleged violative conduct occurred beginning in 2002, well within the general statute of

limitations established in 28 U.S.C. § 2462 for the enforcement of civil penalties.[2] Defendant responds that the one-year statute of limitations for 10(b) fraud actions might be applicable to some claims, but does not respond to the SEC's argument that no form of time limitation is applicable when the SEC seeks only equitable relief. Nevertheless, the Court trusts that in the Joint Status Report the parties will resolve this dispute, which appears to arise from a lack of communication rather than a disagreement over the application of law to the facts of this case. If the dispute cannot be resolved at that time, it is better addressed in summary judgment proceedings.

Plaintiff argues that, as an agency of the federal government, it is not subject to the affirmative defenses of waiver, estoppel, latches, or "unclean hands." It contends that waiver, the "intentional relinquishment of a known right" is not applicable to the SEC;[3] the SEC is not subject to the defense of

---

[2] Citing *SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir.), cert. denied 510 U.S. 963 (1993).

[3] Citing *SEC v. Culpepper*, 270 F.2d 241, 248 (2nd Cir. 1959); *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3rd Cir. 1953).

laches when it is acting in a non-proprietary capacity in the public interest;[4] and the defenses of unclean hands, "unlawful, inequitable conduct," "the Plaintiff's own actions and/or omissions," and "the Plaintiff's failure to avoid and/or mitigate any alleged damages," are all forms of the "unclean hands" defense, which may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest.  The SEC has not cited any controlling authority, or any persuasive federal circuit court authority, in support of this argument. The defendants respond that the "unclean hands" defenses were included because they were sued in Alabama eight months after the action was commenced against Timothy Heyman and only after they filed a lawsuit in Kentucky seeking return of the funds frozen in their Kentucky financial institution.  Again, the Court expects that the parties will eliminate those claims and defenses which are not arguably supported in fact or law in the Joint Status Report, and any questionable claims or defenses can thereafter be explored in summary judgment or at trial.

---

[4]Citing *Badaracco v. Commissioner*, 464 U.S. 386, 369 (1984); *United States v. Summerlin*, 310 U.S. 414, 416 (1940).

The Commission argues that the affirmative defenses of assumption of the risk, contributory negligence and comparative negligence should be stricken because they are insufficiently pled and because they are not defenses to the Commission's claim of intentional fraud. *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 625 (7th Cir. 2000). The defendants argue that "assumption of the risk" is an appropriate defense to the action because they are asserting the investors which the SEC seeks to protect were not deceived, but instead made investments with risk in accordance with their contracts. The defendants have not argued in defense of their contributory and comparative negligence defenses. Again, the Court trusts the parties will eliminate unsupportable claims and defenses in the Joint Status Report or otherwise prior to trial.

The plaintiff argues the defense of "the actions and/or omissions and/or fraudulent and/or illegal conduct of third parties for whom these Defendants have no legal liability or responsibility" should be stricken because insufficient facts are pled in support of the defense, the defense is not an affirmative defense under Rule 8(c), and the defense is irrelevant to the violations alleged against these defendants. The defendants respond

that they are merely reasserting their contention that Timothy Heyman, the party with whom they invested the money at issue in this case, is the wrongdoer. As observed above, the Court is not going to strike any defense merely because it is insufficiently pled or not technically an affirmative defense. The relevance of the defense to the actual claims at issue can be resolved in summary judgment proceedings if the defendant continues to assert the defense in the Joint Status Report.

For the reasons set forth herein, the Motion to Strike the Affirmative Defenses is DENIED.

Done this <u>13th</u> day of <u>February 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153